Phyllis Gilmore Executive Director Behavioral Sciences Regulatory Board 712 S.W. Kansas Avenue Topeka, Kansas 66603-3817
Dear Ms. Gilmore:
As Executive Director of the Behavioral Sciences Regulatory Board, you ask our opinion concerning a licensed social worker's duty to report suspected child abuse or neglect. You explain that a licensed social worker is employed by a public service law firm to assist the lawyers in their representation of clients. In the course of that employment the social worker may learn information concerning child abuse or neglect that triggers the social worker's mandatory duty to report pursuant to K.S.A. 38-1522. However, as an employee of the law firm, the social worker may be precluded from disclosing that information due to the lawyer's ethical obligations. In this situation, you ask which of two apparently conflicting duties prevail: a licensed social worker's duty to report suspected child abuse or neglect, or a lawyer's duty to maintain confidentiality of client information.
While we typically leave issuance of lawyer ethics opinions to the Kansas Bar Association and the Disciplinary Administrator's Office, because your question is directed more toward the social worker's obligations under the law, we offer the following analysis.
 A Lawyer's Duty to Maintain Confidentiality of Client Information
In the situation you present, a lawyer's legal and ethical obligation to maintain confidentiality is clear. Within the Kansas Rules of Professional Conduct relating to the discipline of lawyers, Rule 1.6 provides:
 "(a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraph (b).
 (b) A lawyer may reveal such information to the extent the lawyer reasonably believes necessary:
(1) To prevent the client from committing a crime; or
 (2) to comply with the requirements of law or orders of any tribunal; or
 (3) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based on conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client."
The Kansas comment to Rule 1.6 explains the primary purpose for this rule:
 "A fundamental principle in the client-lawyer relationship is that the lawyer maintain confidentiality of information relating to the representation. The client is thereby encouraged to communicate fully and frankly with the lawyer even as to embarrassing or legally damaging subject matter."
Thus, a lawyer to whom a client relates an incident of child abuse or neglect is precluded from disclosing this information, absent a section (b) circumstance.
Lawyers and law firms generally utilize various assistants such as secretaries, paralegals, investigators, and in the situation presented, social workers. The Kansas Supreme Court has sanctioned the use of nonlawyer assistants if a lawyer maintains direct relationship with the client, supervises delegated work and has complete professional responsibility for the assistant's work product or the lack of it.[1]
 "Such assistants, whether employees or independent contractors, act for the lawyer in rendition of the lawyer's professional services. A lawyer should give such assistants appropriate instruction and supervision concerning the ethical aspect of their employment, particularly regarding the obligation not to disclose information relating to representation of the client, and should be responsible for his or her work product. The measures employed in supervising nonlawyers should take account of the fact that they do not have legal training and are not subject to professional discipline."[2]
The Court emphasized the importance of maintaining client confidentiality by a law firm's nonlawyer employees.
 "Paralegals, secretaries, and other nonlawyer staff are exposed to material and confidential information on a regular basis. Indeed, the jobs they perform could not be done without being exposed to the client's confidences. Because of the nature of their work, nonlawyers working in a firm are `agents' of the lawyers they work for and the necessity to protect the confidences of the client is tremendous. Clients expect their confidences to be safe within the walls of the firm they choose to represent them. Lawyers have a duty to protect their client's confidences."[3]
Rule 5.3, the rule for lawyers' responsibilities regarding nonlawyer assistants, thus requires a partner in a law firm, or a lawyer having direct supervisory authority over a nonlawyer, to implement measures to assure that the nonlawyer's conduct is "compatible with the professional obligations of the lawyer."[4] The comment to Rule 5.3 further explains that such assistants act for the lawyer in rendition of the lawyer's professional services, and that:
 "A lawyer should give such assistants appropriate instruction and supervision concerning the ethical aspects of their employment, particularly regarding the obligation not to disclose information relating to representation of the client . . . ."[5]
Generally, the lawyer would face disciplinary action if an employee engages in conduct that would be a violation of the Rules of Professional Conduct if engaged in by the lawyer.[6]
 A Social Worker's Duty to Report Suspected Child Abuse or Neglect
Licensed social workers are also under a duty to maintain client confidentiality. By statute, the "confidential relations and communications" for licensed master social workers (LMSW) and licensed specialist clinical social workers (LSCSW) are "placed on the same basis as provided by law for those between an attorney and an attorney's client."[7] Thus an LMSW or a LSCSW is bound by the Confidentiality of Information rule for lawyers, Rule 1.6, as applied to those social workers.
Licensed social work associates (LASW) and licensed baccalaureate social workers (LBSW) are, by statute, generally precluded from disclosing information acquired from persons consulting that social worker.[8]
However, "there is no privilege for information which is required to be reported to a public official"[9] for any social worker. Additionally, by virtue of Rule 1.6 as applied to LMSW's and LSCSW's, those social workers may reveal such information to the extent the social worker reasonably believes necessary to comply with the requirements of law.
When presented with information concerning suspected child abuse or neglect, the duty of a licensed social worker is clear:
 "When any of the following persons has reason to suspect that a child has been injured as a result of physical, mental or emotional abuse or neglect or sexual abuse, the person shall report the matter promptly as provided [herein]: . . . licensed social workers . . . ."[10]
This mandatory reporting statute, which is applicable to a variety of persons likely to be in contact with children, implements the public policy of this state "to provide for the protection of children who have been abused or neglected by encouraging the reporting of suspected abuse and neglect and insuring the thorough and prompt investigation of such reports."[11] The reporting requirement does not include lawyers in the listing of mandated reporters.
The Kansas Supreme Court has explicitly recognized the State's "compelling interest in the well-being of its children and particularly in their protection from all forms of cruelty, neglect, degradation, and inhumanity."[12] The Court has also recognized the importance of the stated public policy concerning the required reporting of child abuse, considering it vital not to judicially "create conditions which might chill the prompt reporting of incidents of abuse to the proper authorities."[13]
A licensed social worker is subjected to criminal penalties for a willful and knowing failure to make a required report of suspected child abuse or neglect.[14] Further, a social worker could face the loss of her professional license for failing to inform the proper authorities in accordance with the mandatory duty to report suspected child abuse or neglect.[15]
 Discussion
A social worker employed by a law firm is thus truly caught on the horns of an ethical and legal dilemma if she has reason to suspect child abuse or neglect based on information obtained during the course of the lawyer's representation of a client. Under the laws relating to her licensed profession, she is required to report suspected child abuse on pain of criminal prosecution and loss of her social worker license. However, under the laws relating to her employer, a lawyer, she is precluded from reporting, or otherwise disclosing, the information on pain of loss of the lawyer's license and, potentially, the loss of her employment.
Our research has not resulted in locating a single reported case that addresses this issue. However, we did find a 1998 District of Columbia Bar Association ethics opinion that is precisely on point.[16] The opinion is based on a comparable fact situation, a very similar mandatory reporting law, a lawyer rule substantively comparable to Kansas Rule 1.6,[17] and a lawyer rule almost identical to Kansas Rule 5.3. Because we believe the opinion is well reasoned, taking a pragmatic approach, we quote from it at length.
 "Moreover, Rule 1.6(e) specifically requires a lawyer to exercise reasonable care to prevent employees, associates, and others working for the lawyer from disclosing or using confidences and secrets of a client unless the client consents or an exception applies.
 "One of those exceptions . . . provides that the lawyer may reveal the confidences or secrets of a client when `required by law.' . . .
 ". . . The question is whether this exception authorizes the social worker to reveal confidences and secrets pursuant to a law that does not apply to the lawyer. We conclude that it does not.
 "The exception [as applied to] persons employed by the lawyer to disclose confidences or secrets is strictly derivative of the exception for disclosures by the lawyer. . . . In other words, client confidences and secrets can be disclosed by an employee only in circumstances where the lawyer may disclose. The Rule does not authorize disclosure of client confidences and secrets by an employee where the lawyer is prohibited from so disclosing.
 "Rule 1.6 allows no exception to the duty to ensure that the social worker preserves the confidences and secrets of the lawyer's client. We believe this interpretation of Rule 1.6 is consistent not only with its strict limitations on disclosure of client confidences and secrets but also with its recognition that lawyers require assistance of other professionals and lay people to represent their clients properly.
 "We acknowledge that this interpretation of Rule 1.6 creates a quandary both for the social worker and the for the lawyer. The Rules of Professional Conduct cannot insulate a social worker from obligations otherwise imposed by law. Thus, the lawyer's duty to exercise `reasonable care' to assure that employees do not disclose client confidences and secrets cannot include preventing the social worker from reporting child abuse or neglect as mandated by law. An alternative interpretation of Rule 1.6, though, would create the anomaly that the social worker working for the lawyer would be mandated to make disclosures that the lawyer is forbidden from making.
 "The inconsistent duties of the social worker and the lawyer — the social worker to report under the child abuse and neglect law, the lawyer to assure that confidences and secrets of a client are preserved — require that the lawyer take steps to assure that the client understands the inconsistency. See
Rule 1.4(b). Before bringing a social worker into the representation, the lawyer should inform the client that the social worker may have a statutory duty to report child abuse or neglect that is inconsistent with the duty of both the lawyer and the social worker to preserve confidences and secrets imposed by the Rules of Professional Conduct. The lawyer should further explain that, as a result the social worker may in fact report information supplied by the client or the lawyer to relevant authorities. It is then the client's decision whether to proceed with the use of a social worker in the case.
 "It is also appropriate for the lawyer to inform the social worker of the lawyer's obligations under Rule 1.6 to preserve confidences and secrets of the client and to assure that the social worker does the same. The lawyer should not, however, provide legal advice to the social worker regarding reporting obligations under the statute because the lawyer's duty to the client to assure protection of confidences and secrets precludes giving any contrary opinion to the social worker. See Rule 1.7(a). Nor should the lawyer request that the social worker ignore the provisions of the law mandating reporting of child abuse or neglect.
 "The dilemma faced by the lawyer, the client, and the social worker is not easily resolved, and the Rules do not appear to have contemplated the situation we confront. Given the lack of clarity in the relationship between Rule 1.6 and laws mandating reporting of child abuse and neglect by certain professionals, the lawyer's obligations under the circumstances discussed in this opinion are twofold: first, to inform his client of the possible implications of sharing information about child abuse or neglect with a social worker working for the lawyer; and second, to inform the social worker of the obligations imposed by Rule 1.6"
We believe the conclusions reached in this ethics opinion are sound and we therefore adopt them in advising the following course of action: With limited exceptions, a lawyer has a duty to maintain confidentiality of information relating to representation of a client. A lawyer should give nonlawyer assistants appropriate instruction and supervision concerning the ethical aspect of their employment, particularly regarding the obligation not to disclose information relating to representation of the client. A licensed social worker has a duty to report suspected child abuse or neglect and should comply with the requirements of the mandatory reporting law. A lawyer who employs or contracts with a social worker to assist in representation of a client should inform the client of these conflicting duties and allow the client to decide whether to proceed with the use of a social worker in the case.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:CN:JLM:jm
[1] State v. Barrett, 207 Kan. 178 (1971); State v. Caenen,235 Kan. 451 (1984); In the Matter of Wilkinson, 251 Kan. 546 (1992).
[2] Zimmerman v. Mahaska Bottling Co., Kan. S.Ct., No. 83,554 (March 9, 2001).
[3] Id.
[4] Rule 5.3(a) and (b), Responsibilities Regarding Nonlawyer Assistants, Kansas Rules of Professional Conduct, Rules Relating to Discipline of Attorneys.
[5] Comment to Rule 5.3, Responsibilities Regarding Nonlawyer Assistants, Kansas Rules of Professional Conduct, Rules Relating to Discipline of Attorneys.
[6] Rule 5.3(c), Responsibilities Regarding Nonlawyer Assistants, Kansas Rules of Professional Conduct, Rules Relating to Discipline of Attorneys. "The disciplinary rules of the code, having been adopted pursuant to statutory power, have the force and effect of a statute; and conduct of any attorney licensed by this court to practice law in this state may be subject to discipline if his conduct falls below the standards contained in these rules." State v. Alvey, 215 Kan. 460, 464
(1944).
[7] K.S.A. 2000 Supp. 65-6315(b).
[8] K.S.A. 2000 Supp. 65-6315(a).
[9] K.S.A. 2000 Supp. 65-6315(c).
[10] K.S.A. 38-1522(a), as amended by 2001 SB 186, § 2.
[11] Kansas State Bank and Trust Co. v. Specialized TransportationServices , Inc., 249 Kan. 348, 372 (1991); K.S.A. 38-1521.
[12] State v. Wilson, 267 Kan. 550, 559 (1999).
[13] Clevenger v. Catholic Social Service of the Archdiocese ofKansas City, 21 Kan. App. 2d 521, 529 (1995).
[14] K.S.A. 38-1522(f).
[15] K.S.A. 2000 Supp. 65-6311(a)(4), as implemented by K.A.R.102-2-7(uu).
[16] Ethics Opinion No. 282, adopted June 17, 1998 by the District of Columbia, Bar Association.
[17] The District of Columbia Rule 1.6 uses the term "confidence or secret of the lawyer's client" in contrast to the Kansas Rule 1.6 that uses the term "information relating to representation of a client." Additionally, while the District of Columbia Rule 1.6 is more expansive than the Kansas Rule 1.6, the substance of the rules are comparable for purposes of this opinion.